IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA ROUTTE, et al. | ) | CASE NO. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| JOHNSON & JOHNSON, et al. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

PLEASE TAKE NOTICE that Defendant Ethicon, Inc. ("Removing Defendant"), under 28 U.S.C. §§ 1332, 1441, and 1446, and through the undersigned counsel, removes the state court action entitled *Pamela Routte, et al. v. Johnson & Johnson, et al.*, No. CV-09-713250, filed in the Common Pleas Court of Cuyahoga County, to the United States District Court for the Northern District of Ohio, Eastern Division.  As required under 28 U.S.C. § 1446(a), Removing Defendant sets forth a short and plain statement of the grounds for removal:

1.      This action involves product liability allegations regarding two medical devices manufactured by Ethicon – the Gynecare Prolift Pelvic Floor Repair System ("Prolift") and the Gynecare TVT ("TVT") – and one medical device manufactured by Boston Scientific Corp – the Prefyx PPS.  Plaintiffs filed this action against the Defendants on December 17, 2009, claiming that the Prolift, TVT, and Prefyx PPS were implanted into plaintiff Pamela Routte during a surgical procedure conducted on December 18, 2007, that the products are defective, and that the

alleged defects caused Ms. Routte to suffer "serious and permanent injuries" and "extreme pain and life-altering disabilities, all of which she believes to be permanent and confining in nature." (Compl., ¶¶ 14, 15.)  Plaintiffs' claims against the Defendants are premised upon theories of design defect, manufacturing defect, failure to warn of the risks associated with implantation of the devices, and non-conformance with the manufacturers' responsibilities.  (*Id*., ¶ 11.)  Plaintiff Steven Routte also asserts a claim for loss of consortium.  (*Id.,* Second Claim for Relief.)  As required under 28 U.S.C. § 1446(a), Removing Defendant attaches as Exhibit "A" copies of all process, pleadings, and orders filed in state court and served upon it.

2.      Johnson & Johnson has not been properly served in this case.  Johnson & Johnson consents to the removal of this action without waiving its right to proper service of process.

3.      Boston Scientific Corp. consents to the removal of this action.

## I.      NOTICE OF REMOVAL IS TIMELY.

4.      Plaintiffs filed this action on December 17, 2009 in the Common Pleas Court of Cuyahoga County, Ohio.  Removing Defendant Ethicon, Inc. was served with a Summons and a copy of Plaintiffs' Complaint on January 19, 2010.  The Complaint was the initial pleading received by Removing Defendant setting forth the claims for relief upon which this action is based.

5.      Removing Defendant filed this Notice of Removal within 30 days of receipt of the Complaint.  It is therefore timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day time period under the removal statute begins to run from the date of formal service).

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

6.      This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction and because the Removing Defendant is effecting this removal to the District Court of the United States for the district and division embracing the place where the action is pending.

7.      The Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiff and all properly joined and served Defendants.

### A.    The Amount-in-Controversy Requirement Is Met.

8.      A removing defendant need only show that it is "more likely than not" that the amount in controversy exceeds $75,000.  *Gafford v. Gen. Elec. Co*., 997 F.2d 150, 158 (6th Cir. 1993); s*ee also Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 573 (6th Cir. 2001) (agreeing that amount in controversy was established based on a "fair reading" of the complaint); *Davis v. Kindred Nursing Centers East, LLC,* No. 2:05-cv-1128, 2006 WL 508802, at *2 (S.D. Ohio March 2, 2006) ("[t]he amount in controversy is not measured by the low-end of the open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

9.      It is apparent from the face of the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest.  In their Complaint, Plaintiffs seek compensatory damages for "serious and permanent injuries" causing "extreme pain and life-altering disabilities," which Plaintiffs allege are "permanent and confining in nature."  (Compl. ¶¶ 14, 15.)  Beyond that, Plaintiffs also allege entitlement to recovery for past, present, and future medical expenses, including those associated with "invasive diagnostic testing, surgical

procedures, prescription medicine," and future "care and treatment." (Compl. ¶ 16.) Furthermore, Plaintiffs seek compensatory damages for loss of income. (Compl. ¶ 17.) This does not even include any recovery that Mr. Routte may seek.

10.     Given the serious nature of Plaintiffs' claims and alleged injuries, it is apparent from Plaintiffs' Complaint that the amount in controversy exceeds the jurisdictional minimum. That is, if Plaintiffs are successful in proving their claims, it is more likely than not that damages will exceed $75,000.

**B.     There Is Complete Diversity of Citizenship Between Plaintiff and the Defendants.**

11.     Plaintiffs Pamela Routte and Steven Routte were at the time of the filing of this action residents and citizens of Ohio. (Compl., ¶ 1 and caption.)

12.     At the time Plaintiffs commenced this action in Ohio state court and at the time of filing this Notice of Removal, Defendant Johnson & Johnson is and was a New Jersey corporation with its principal place of business in New Jersey. Johnson & Johnson has never been a citizen of Ohio.

13.     At the time Plaintiffs commenced this action in Ohio state court and at the time of filing this Notice of Removal, Defendant Ethicon, Inc. is and was a New Jersey corporation with its principal place of business in New Jersey. Ethicon, Inc. has never been a citizen of Ohio.

14.     At the time Plaintiffs commenced this action in Ohio state court and at the time of filing this Notice of Removal, Defendant Boston Scientific Corp. is and was a Delaware corporation with its principal place of business in Massachusetts. Upon information and belief, Boston Scientific Corp. has never been a citizen of Ohio.

15.     Accordingly, there is complete diversity between Plaintiffs and all properly joined and served Defendants.

WHEREFORE, Removing Defendant Ethicon, Inc. respectfully removes this action from the Court of Common Pleas, Cuyahoga County, Ohio, bearing Civil Action No. CV-09-713250, to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.  Should any question arise as to the removal of this matter, Removing Defendant respectfully requests an opportunity to provide briefing and oral argument as to why removal is proper.

Date:  February 8, 2010                                Respectfully submitted,

*s/Justin E. Rice*
Rita A. Maimbourg (0013161)
Justin E. Rice (0080587)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414
Tel:      216.696.3219
Fax:      216.592.5009
E-mail:   rita.maimbourg@tuckerellis.com
          justin.rice@tuckerellis.com

*Attorneys for Defendants Ethicon, Inc. and*
*Johnson & Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2010, a copy of the foregoing **Notice of Removal** was filed electronically.  Notice of this filing will be sent to all parties via Regular U.S. Mail and by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Pamela Routte
Steven Routte
245 Hickory Hill Rd.
Chagrin Falls, OH 44022

*Pro Se Plaintiffs*

Eric L. Zalud, Partner
Litigation Department Chairman
Benesch Friedlander Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114

*Counsel for Boston Scientific Corp.*

*s/Justin E. Rice*
Rita A. Maimbourg (0013161)
Justin E. Rice (0080587)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414
Tel:      216.696.3219
Fax:      216.592.5009
E-mail:  rita.maimbourg@tuckerellis.com
          justin.rice@tuckerellis.com

*Attorneys for Defendants Ethicon, Inc. and
Johnson & Johnson*

6

1112605.1