SUMMONS IN A CIVIL ACTION  COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV09713250 | D2 CM | 14882616 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

PAMELA ROUTTE - ET AL.    PLAINTIFF
VS
JOHNSON & JOHNSON - ET AL.   DEFENDANT

ETHICON INC
ITS STAT AGT CATHERINE V BEATH
ROUTE 22 WEST
SOMERVILLE NJ 08876-0000

Said answer is required to be served on:



Plantiff's Attorney (Pro Se)

PAMELA ROUTTE
245 HICKORY HILL

CHAGRIN FALLS, OH 44022-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

TIMOTHY E MCMONAGLE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

By_____
Deputy

DATE
Dec 29, 2009

COMPLAINT FILED  12/17/2009

CMSN130

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **PAMELA ROUTTE**<br>245 HICKORY HILL<br>CHAGRIN FALLS, OH 44022<br><br>and<br><br>**STEVEN ROUTTE**<br>245 HICKORY HILL<br>CHAGRIN FALLS, OH 44022<br><br>Plaintiffs,<br><br>v.<br><br>**JOHNSON & JOHNSON**<br>1 JOHNSON & JOHNSON PLAZA<br>NEW BRUNSWICK, NJ 08933<br>c/o Its Statutory Agent<br>CORPORATION SERVICE<br>2711 CENTERVILLE ROAD<br>WILMINGTON, DE 19808<br><br>and<br><br>**ETHICON, INC.**<br>ROUTE 22 WEST<br>SOMERVILLE, NJ 08876-0151<br>c/o Its Statutory Agent<br>CATHERINE V. BEATH<br>ROUTE 22 WEST<br>SOMERVILLE, NJ 08876-0151<br><br>and<br><br>**BOSTON SCIENTIFIC CORP.**<br>One Boston Scientific Place<br>Natick, MA 01760-1537<br><br>and | CASE NO.<br><br><br><br><br><br><br>Judge: TIMOTHY E MCMONAGLE<br><br>CV 09 713250<br><br><br>**COMPLAINT**<br><br><br>**(Jury Demand Endorsed Hereon)** |

| | |
|---|---|
| **JOHN DOE AND/OR JOHN DOE, INC. 1-10** <br> (Names and Addresses Unknown) <br> Responsible for the design, manufacture, sale, distribution, modification, repair and/or maintenance of the Gynecare Prolift Pelvic Floor System, Gynecare TVT and Boston Scientific Prefyx PPS <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### First Claim for Relief

### (Product Liability Claim Against Defendants Johnson & Johnson, Ethicon Inc., Boston Scientific, and Defendants John Doe and/or John Doe, Inc. 1-10 )

1) The Plaintiffs, Pamela Routte and Steven Routte, at all times pertinent hereto, reside in the Village of Chagrin Falls, County of Cuyahoga, and State of Ohio. Hereinafter, "The Plaintiff" shall refer to Pamela Routte unless otherwise indicated.

2) The Defendant Johnson & Johnson, hereinafter referred to as "Johnson & Johnson," is and was, at all times pertinent hereto, a corporation and/or other business entity organized or existing under the laws of a state other than the State of Ohio and/or was licensed to and/or was doing business in the State of Ohio, and regularly did or solicited business, or engaged in other persistent courses of conduct or derived substantial revenue from goods used or consumed or services rendered in the State of Ohio.

3) The Defendant Ethicon Inc., hereinafter referred to as "Ethicon," is and was, at all times pertinent hereto, a corporation and/or other business entity organized or existing under the laws of a state other than the State of Ohio and/or was licensed to and/or was doing business in the State of Ohio, and regularly did or solicited business, or engaged in other persistent courses

of conduct or derived substantial revenue from goods used or consumed or services rendered in the State of Ohio.

4) The Defendant Boston Scientific Corp, hereinafter referred to as "Boston Scientific," is and was, at all times pertinent hereto, a corporation and/or other business entity organized or existing under the laws of a state other than the State of Ohio and/or was licensed to and/or was doing business in the State of Ohio, and regularly did or solicited business, or engaged in other persistent courses of conduct or derived substantial revenue from goods used or consumed or services rendered in the State of Ohio.

5) John Doe and/or John Doe, Inc. 1-10, are and were, at all times pertinent hereto, individuals, partnerships, corporations and/or other business entities licensed to and doing business in the State of Ohio, and/or regularly did or solicited business, or engaged in other persistent courses of conduct or derived substantial revenue from goods used or consumed or services rendered in the State of Ohio. Hereinafter, these Defendants shall collectively be referred to as "the John Doe Defendants." These Defendants were responsible for the design, distribution, manufacture, sale, modification, repair and/or maintenance of the Gynecare Prolift Pelvic Floor System, the Gynecare TVT, and the Boston Scientific Prefyx PPS, which were surgically implanted in the Plaintiff on December 18, 2007, resulting in injury to her. Despite the exercise of due diligence, the names and addresses of these Defendants could not be discovered prior to the filing of this Complaint.

3

6)   The Plaintiff suffered from pelvic organ prolapse and stress urinary incontinence.

7)   Plaintiff sought medical care and treatment for these problems from a physician who recommended a transvaginal placement of surgical mesh surgery using products manufactured and sold by Defendants Johnson & Johnson, Ethicon and Boston Scientific.

8)   On December 18, 2007, Plaintiff's physician performed said surgical procedure by implanting the Gynecare Prolift Pelvic Floor System, Gynecare TVT and Prefyx PPS. Said products were manufactured, sold, and distributed by Defendants Johnson & Johnson, Ethicon and Boston Scientific.

9)   Following the procedure, Plaintiff continued to suffer from her original problems and developed additional problems, including but not limited to vaginal mesh erosion, heavy vaginal bleeding, infections, and a thickened endometrium.

10)   Defendants Johnson & Johnson, Ethicon and Boston Scientific were the designers, manufacturers and sellers of Gynecare Prolift Pelvic Floor System, Gynecare TVT, and Prefyx PPS for sale to the consumer, including the Plaintiff. Plaintiffs bring this claim for relief against Defendants Johnson & Johnson, Ethicon and Boston Scientific for product liability under Ohio Rev. Code § 2307.71, *et seq.* At all times pertinent hereto, Defendants Johnson & Johnson, Ethicon and Boston Scientific were the "manufacturer" of Gynecare Prolift Pelvic Floor System, Gynecare TVT and Prefyx PPS as this term is defined under Ohio Rev. Code § 2307.71(I).

11)   The Gynecare Prolift Pelvic Floor System, Gynecare TVT and Prefyx PPS, as manufactured by Defendants Johnson & Johnson, Ethicon and Boston Scientific, were defective in manufacture and construction, as described in Ohio Rev. Code § 2307.74; was defective in design or formulation, as described in Ohio Rev. Code § 2307.75; were defective due to

4

inadequate warnings and instructions, as described in Ohio Rev. Code § 2307.76, and were defective because they did not conform to representations made by its manufacturer, as described in Ohio Rev. Code § 2307.77.

12) Each of the defective conditions of the Gynecare Prolift Pelvic Floor System, Gynecare TVT and Prefyx PPS as described above, pursuant to Ohio Rev. Code § 2307.73, were singularly a proximate cause of the harm for which Plaintiffs seek to recover compensatory damages as set forth below.

13) Defendants Johnson & Johnson, Ethicon and Boston Scientific were negligent in the design, manufacture, testing, marketing, sale, assembly, servicing and/or maintenance of the Gynecare Prolift Pelvic Floor System, Gynecare TVT and Prefyx PPS, and in respect to inadequate or absent warnings as to risk of using the Gynecare Prolift Pelvic Floor System, Gynecare TVT and Prefyx PPS.

14) As a direct and proximate result of the aforesaid defects and negligence, the Plaintiff was caused to suffer serious and permanent injuries.

15) As a direct and proximate result of the aforesaid defects and negligence, the Plaintiff was caused to suffer extreme pain and life-altering disabilities, all of which she believes to be permanent and continuing in nature.

16) As a further direct and proximate result of the aforesaid defects and negligence, the Plaintiff was caused to undergo extensive medical care and treatment, including but not limited to invasive diagnostic testing, surgical procedures, and prescription medicine, and will continue to undergo said care and treatment into the indefinite future, and to incur the medical expenses associated therewith.

17) As a further and direct and proximate result of the aforesaid defects and negligence, the Plaintiff was caused to lose time from her normal employment, thereby sustaining a loss of income.

18) As a further direct and proximate result of the aforesaid defects and negligence, the Plaintiff's ability to live and work free from pain, discomfort, disability and restriction has been permanently impaired. The Plaintiff has been and will, into the indefinite future, be unable to engage in her usual activities due to the aforementioned injuries she received.

## Second Claim for Relief
### (Loss of Services Claim Against Defendants)

19) Plaintiffs incorporate all facts, statements and allegations made and contained in their First Claim for Relief as though expressly rewritten and restated herein as part of their Second Claim for Relief.

20) At all times pertinent hereto, Plaintiff Steven Routte was the husband of the Plaintiff Pamela Routte.

21) As a direct and proximate result of the defective condition of the Gynecare Prolift Pelvic Floor System, Gynecare TVT and Prefyx PPS, and the negligence of the Defendants Johnson & Johnson, Ethicon, Boston Scientific, and Defendants John Doe and/or John Doe, Inc. 1-10, as set forth above, Plaintiff Steven Routte lost the services and consortium of his wife, Plaintiff Pamela Routte, due to the injuries she received. He continues to lose her services and consortium in the present and will do so into the indefinite future.

WHEREFORE, Plaintiffs, Pamela Routte and Steven Routte, pray for judgment against the Defendants Johnson & Johnson, Ethicon, Boston Scientific, and Defendants John Doe and/or John Doe, Inc. 1-10, jointly and severally, in such an amount of money in excess of Twenty-Five Thousand Dollars ($25,000.00) as will fully, fairly and adequately compensate them under the laws of the State of Ohio, together with all costs and interest incurred herein.

Respectfully submitted,

*[signature]*
PAMELA ROUTTE
245 Hickory Hill Road
Chagrin Falls, OH 44022
440-893-9396

-and-

*[signature]*
STEVEN ROUTTE
245 Hickory Hill Road
Chagrin Falls, IH 44022
440-893-9396

*Pro Se* Plaintiffs

## JURY DEMAND

A trial by jury is hereby demanded composed of the maximum number of jurors allowed by law.

*[signatures]*

7

GERALD E. FUERST
CLERK OF COURTS
1200 ONTARIO STREET
CLEVELAND OH, 44113-0000



7112 8144 1491 4882 6164



SHOWING TO WHOM, DATE AND ADDRESS WHERE DELIVERED

JAN 12 2010
JJ

ETHICON INC
ITS STAT AGT CATHERINE V BEATH
ROUTE 22 WEST
SOMERVILLE NJ 08876-0000

FROM: Gerald Fuerst
CARR: USPS
TRK#: 71128144491488826164
RCVD: 1/12/2010  08:27

TO: BEATH, CATHERINE
BLD: MAIN G
MSC: 56
PCS: 1